<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JAMES L. JOYCE,** | |
| **Plaintiff,** | **Civil Action No. 13-5566 (ES)** |
| **v.** | **MEMORANDUM OPINION** |
| **MAERSK LINE, LTD.,** | |
| **Defendant.** | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on Plaintiff's motion for reconsideration of the Court's June 30, 2016 Order granting summary judgment in favor of Defendant and dismissing the case. (D.E. No. 71). The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court grants the motion in form only. Upon reconsideration, the Court reaffirms the conclusion it reached in the June 30, 2016 Opinion and Order.[1]

**I.   Factual and Procedural Background**

Plaintiff James Joyce is a member of the Seafarer's International Union with whom Defendant Maersk negotiated a Collective Bargaining Agreement ("CBA") known as the Standard Freightship Agreement 2012. (D.E. No. 61, Defendant's Statement of Undisputed Material Facts ("SUMF") ¶ 1).

---

[1] Because the Court writes primarily for the parties, the Court assumes familiarity with the facts of this case and the arguments made in the underlying motion for summary judgment. As such, the Court provides reference to both in abbreviated form in this Opinion.

Plaintiff signed an "Articles of Agreement" in which Plaintiff bound himself to serve as an abled bodied seaman aboard the M/V MAERSK OHIO from September 18, 2012, until December 18, 2012.  (*Id.*  ¶¶ 3, 7).  The ship was to leave from Port of Newark to such other ports as the master of the ship would direct, and back to a final port discharge in the continental United States. (*Id.*  ¶ 3).  The Articles of Agreement signed by Plaintiff was incorporated by reference into the CBA.  (*Id.* ¶ 4).

On October 7, 2012, Plaintiff was discharged from the ship for medical reasons and repatriated to the United States from a port in Spain.  (*Id.* ¶ 5).  Under the CBA, Plaintiff was entitled to receive unearned wages "for the remaining period of his contract after discharge from the vessel." (*Id.* ¶ 6).  Significantly, the CBA defined unearned wages as base wages, excluding overtime. (*Id.*).  As such, Plaintiff received unearned wages as base wages from the time of his discharge on October 7, 2012, until the scheduled end of the contract period on December 18, 2012.  (*Id.* ¶ 8). Plaintiff also received "maintenance" at a rate of $16 per day for the full period of his disability. (*Id.* ¶ 10).

Plaintiff alleges three grounds for liability. First, Plaintiff alleges that the maintenance rate set forth in the CBA was so low as to constitute an impermissible abrogation of Plaintiff's right to maintenance payments under general maritime law.  (D.E. No 41, Amended Complaint, ("Am. Compl.") ¶ 4).  Instead, Plaintiff argues that he was entitled to maintenance pay at a rate of $78 per day.  (D.E. No. 62 at 14-15).  Second, Plaintiff alleges that, under general maritime law, he was entitled to unearned wages including both base pay and overtime pay, despite the CBA's definition of unearned wages as base pay only.  (Am. Compl. ¶ 4).  And third, Plaintiff alleges that under the Shipowners' Liability Convention, seamen with dependents such as Plaintiff were entitled to unearned wages until cured rather than until the conclusion of the contract term.  (*Id.*).

On June 30, 2016, the Court issued an Opinion and accompanying Order granting summary judgment in favor of Defendant on each of Plaintiff's three claims. (*See* D.E. No. 69, ("Opinion"); D.E. No. 70, ("Order")). On July 21, 2016, Plaintiff filed the instant motion for reconsideration, arguing that the Court improperly granted summary judgment on Plaintiff's third claim regarding liability for additional unearned wages under the Shipowners' Liability Convention. (D.E. No. 71-1, Plaintiff's Memorandum in Support of Amending Judgment/Reconsideration ("Pl. Mov. Br.")). On July 29, 2016, Defendant filed a brief in opposition. (D.E. No. 72, Defendant's Brief in Opposition to Motion to Alter or Amend Judgment (("Def. Opp. Br.")). The matter is now ripe for resolution.

## II.    Legal Standards

Local Civil Rule 7.1(i) governs motions for reconsideration in this District. It requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i). "A motion for reconsideration is 'an extraordinary remedy to be granted very sparingly.'" *Watkins v. DineEquity, Inc.*, No. 11-7182, 2013 WL 396012, at *2 (D.N.J. Jan. 31, 2013) (quoting *In re Lord Abbett Mut. Funds Fee Litig.*, 417 F. Supp. 2d 624, 627 (D.N.J. 2005)).

To succeed on a motion for reconsideration, the movant must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "To prevail under the third prong, the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Catlett v. N.J. State Police*, No. 12-

153, 2013 WL 6095824, at *2 (D.N.J. Nov. 19, 2013) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)).

Regarding the disposition of motions for reconsideration, courts have held that "a motion for reconsideration is deemed 'granted' when the court addresses the merits of that motion." *Knight v. Warren*, No. 12-7670, 2014 WL 47946, at *4 (D.N.J. Jan. 7, 2014).  In considering the merits of a motion for reconsideration, "the court may reach a disposition identical, either in its rationale or in this outcome, or in both regards, to the one previously reached."  *Id.* (citing *Pena-Ruiz v. Solorzano*, 281 F. App'x 110, 112 (3d Cir. 2008)).  Thus, in reaffirming a prior decision, courts may rely on any rationale presented by the parties in support of (or opposition to) the underlying motion, regardless of whether the court initially relied upon those grounds in its disposition of the motion.  *See id.*; *see also Castro v. United Sec. Inc.*, No. 10-6152, 2012 WL 555701, at *2 (S.D.N.Y. Feb. 21, 2012) (granting reconsideration but affirming order on alternative grounds raised by parties in briefing of underlying motion).

## III.    Discussion

### A.  Parties' Arguments

In his motion for reconsideration, Plaintiff argues that the Court improperly granted summary judgment in favor of Defendant on Plaintiff's claim for entitlement to unearned wages until he achieved "maximum cure," pursuant to Article 5 subsection 1(b) of the Shipowners' Liability Convention ("SLC"), 54 Stat. 1693.  (*See* Pl. Mov. Br. 1-3).  Specifically, Plaintiff argues that the Court's conclusion that "Plaintiff has presented no evidence of a period of sickness extending beyond the contract term for which he had already received unearned wages" was improper for two reasons.  First, Plaintiff contends that the factual issue regarding the precise date of Plaintiff's maximum cure was not properly before the Court on summary judgment because the

issue was not squarely raised in Defendant's moving brief.  (*Id.* at 1).  And second, Plaintiff contends that the Court's determination of the date of maximum cure was factually incorrect because "the filings of Defendant belie the finding" that Plaintiff had actually achieved maximum cure prior to the conclusion of his contact term.  (*Id.* at 2).  Based on these arguments, Plaintiff seeks amendment of Court's June 30, 2016 Order, or, in the alternative, notice and a reasonable time to respond to this issue of fact under Federal Rule of Civil Procedure 56(f)(2) in order to avoid "manifest injustice."  (*Id.* at 3).

In response, Defendant argues that the Court's conclusion was factually correct.  (Def. Opp. Br. at 2-4).  Specifically, Defendant argues that Plaintiff draws unreasonable inferences from the undisputed facts and misinterprets controlling law in arguing that relevant facts were incorrectly applied in the Court's June 30, 2016 Opinion.  (*Id.*).

For the reasons set forth below, the Court agrees with Defendant, and further concludes that the Court's grant of summary judgment on Plaintiff's SLC claim did not violate Rule 56(f)(2).

### B.  Analysis

As Plaintiff himself argues, a court may grant summary judgment on any grounds supported by the entire record, even if not briefed by movant, as long as the non-movant has prior notice of the grounds on which the court rules.  (*See* Pl. Mov. Br. at 3 (*citing Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996)).  Indeed, Federal Rule of Civil Procedure 56(f)(2) states that "after giving notice and a reasonable time to respond, the court may . . . grant the motion on grounds not raised by a party."  Fed. R. Civ. P. 56.

Significantly, however, a particular basis for summary judgment need not be explicitly set forth in the moving party's supporting memorandum of law in order for the issue to be properly "raised" for consideration by the court.  *Balik v. City of Bayonne*, 67 F. App'x 86, 88 (3d Cir.

2014).  For example, in *Balik*, the district court granted summary judgment on the plaintiff's Fair Labor Standards Act ("FLSA") claim, despite the fact that the defendant's moving brief did not explicitly present argument in favor of summary judgment on that particular claim.  567 F. App'x at 88.  On appeal, the plaintiff argued that the district court's dismissal of the FLSA claim violated Federal Rule of Civil Procedure 56(f)(2) because the plaintiff did not have notice that the court would consider summary judgment on that claim.  *Id.*  In rejecting this argument, the Third Circuit noted that the defendant's "Notice of Motion for Summary Judgment refer[ed] the Court and the parties to various documents in support of the motion, including their Statement of Uncontroverted Facts, which discusses [the plaintiff's] claim for payment for unused sick and vacation days."  *Id.* Based on these facts, the Circuit concluded that the defendant had in fact "incorporate[ed] [the plaintiff's] FLSA claim into its summary judgment motion and, therefore, there was no Rule 56(f)(2) violation."  *Id.*

Here, as Plaintiff argues, Defendant's memorandum of law in support of summary judgment did not explicitly present argument on whether the evidence showed a period of sickness that extended beyond the contract term for which Plaintiff was already compensated.  However, as in *Balik*, Defendant's Notice of Motion for Summary Judgment, (D.E. No 59), directs the Court and opposing counsel to various documents in support of its motion, including Defendant's Statement of Undisputed Material Facts, (D.E. No. 61), which states that Plaintiff "was fit for duty as of December 4, 2012,"  (D.E. No. 61 ¶ 9).[2]  Defendant further reiterates this portion of its Statement of Undisputed Facts in the "Undisputed Facts" section of its memorandum of law in support of its motion.  (D.E. No. 60 at 2).

---

[2] Significantly, as discussed *infra*, Plaintiff admitted to this fact in its responsive Statement of Undisputed Material Facts.  (*See* D.E. No. 62-5).

Given the relatively minimal amount of evidence presented in support of Defendant's motion and brevity of Defendant's Statement of Undisputed Material Facts—indeed, only ten undisputed facts were presented—the significance of this particular fact should have been apparent to Plaintiff in preparing his opposition.  Indeed, this fact bears directly on Plaintiff's claim of entitlement to additional unearned wages under the SLC.  (*See* D.E. No 41, Amended Complaint ¶ 4(c) (alleging entitlement to unearned wages until cured)).  As noted in both parties' summary judgment briefing and the Court's June 30, 2016 Opinion, Article 5 subsection 1(b) of the SLC provides that an injured seaman with dependents may be entitled to unearned wages "from the time when he is landed *until he has been cured or the sickness or incapacity has been declared of a permanent character*."  54 stat. 1693 (emphasis added); (Opinion at 14).

Thus, both parties were aware that the date of Plaintiff's "cure" was inherently tied in with the ultimate amount of unearned wages to which Plaintiff could be entitled under the SLC—and Plaintiff was put on notice of this issue by Defendant's repeated assertion that Plaintiff was deemed "fit for duty" on December 4, 2012, fourteen days prior to the conclusion of his contract term.  (*See* D.E. No. 61 ¶ 9; D.E. No. 60 at 2).

These circumstances are sufficient to reject Plaintiff's argument that he was not "on notice" of the grounds on which the Court granted summary judgment on Plaintiff's SLC claim.  *See Balik*, 567 F. App'x at 88.[3]

---

[3] In fact, the circumstances of this case suggest that Plaintiff had an even greater degree of notice than did the plaintiff in *Balik*.  As noted above, the defendant's moving brief in *Balik* failed to address the plaintiff's FLSA claim in its entirety, but the Circuit nevertheless held that the defendant's presentation of certain relevant facts in its Rule 56.1 statement was enough to raise the claim for consideration on summary judgment.  *See Balik*, 567 F. App'x at 88.  Here, on the other hand, a significant portion of Defendant's moving brief was dedicated to argument in favor of summary judgment on Plaintiff's SLC claim.  Plaintiff's argument on reconsideration revolves more narrowly around an alleged lack of notice of the particular grounds relied upon by the Court in granting summary judgment on that claim.  Clearly, however, if relevant facts presented in a moving party's 56.1 statement are sufficient to raise an entire claim for consideration where that claim was not otherwise addressed by the parties, it follows that Defendant's explicit discussion

In further support of this conclusion, the Court notes that Plaintiff's failure to meet his evidentiary burden in responding to Defendant's motion for summary judgment was not limited to the SLC claim at issue on reconsideration.  As the Court found in its June 30, 2016 Opinion, Plaintiff also failed to present sufficient evidence of entitlement to a higher daily maintenance rate even when the issue *was* explicitly briefed.  (*See* Opinion at 9 (citing D.E. No. 60 at 19 ("There has been no such showing by Joyce here that the $16.00 per day was inadequate to provide him with a food and lodging equivalent to what he received aboard the vessel.  Accordingly, the maintenance rate of $16.00 per day should be enforced.")))  The fact that Plaintiff failed to meet his evidentiary burdens under both sets of circumstances—where the issue was explicitly briefed by Defendant, and where the issue was implicitly incorporated through Defendant's Statement of Undisputed Material Facts—suggests that lack of explicit notice was not the root cause of Plaintiff's failure to meet these burdens.

Neither is the Court convinced by Plaintiff's argument that the Court should not have based its ruling on the date of Plaintiff's "maximum cure" because Defendant's motion was premised entirely on questions of law.  (Pl. Mov. Br. at 1 (citing D.E. No. 60 at 23)).  Significantly, because Plaintiff admitted to the entirety of Defendant's Statement of Undisputed Material Facts, (s*ee* D.E. No. 62-5), there were no issues of fact for a factfinder resolve.  As such, all remaining issues— involving consideration of both applicable law and the legal significance of undisputed facts— could appropriately be resolved at summary judgment as a matter of law.  *See Sanders v. City of Fresno*, 551 F. Supp. 2d 1149, 1162 (E.D. Cal. 2008), *aff'd*, 340 F. App'x 377 (9th Cir. 2009) (holding that where "the only dispute relates to the legal significance of the undisputed facts, the

---

of the SLC claim in its moving brief—combined with the presentation of certain relevant facts in its 56.1 statement—are sufficient to put the plaintiff on notice and raise those other grounds for consideration on summary judgment.

controversy for trial collapses into a question of law that is appropriate for disposition on summary judgment"). Thus, even though the Court considered undisputed facts in granting summary judgment on Plaintiff's SLC claim, the Court nevertheless resolved the motion as a matter of law consistent with Federal Rule of Civil Procedure 56. *See id.*

Further, the Court notes that the parties themselves addressed record evidence in their summary judgment briefing regarding Plaintiff's maintenance-rate claim, and presented argument as to how particular facts should be applied to the law governing maintenance. (*See* D.E. No 60 at 19; D.E. No. 62-1 at 15). These arguments were properly made by both parties and addressed by the Court, (Opinion at 9), despite the fact that Defendant's moving brief concluded with the statement that "all the foregoing issues are pure questions of law," (D.E. No 60 at 23). Thus, to find on reconsideration that Plaintiff was not "on notice" of the potential for the Court to apply undisputed facts from Defendant's Statement of Undisputed Material Facts to relevant law would be inconsistent with Plaintiff's own position as set forth elsewhere in his opposition briefing. (*See* D.E. No. 62 at 14-15 (arguing in opposition to summary judgment on Plaintiff's maintenance rate claim in part by referencing CBA provision attached to opposition briefing))[4]. Based on the foregoing analysis, the Court concludes that its June 30, 2016 Opinion did not violate the requirements of Federal Rule of Civil Procedure 56(f)(2). *See Balik*, 567 F. App'x at 88.[5]

Next, Plaintiff argues that the Court erred in its analysis of the evidence relevant to Plaintiff's SLC claim. (Pl. Mov. Br. at 2). In support, Plaintiff points to five aspects of the record

---

[4] In addition to referencing such factual material that Plaintiff himself presented in opposition to summary judgment, the Court reiterates that Plaintiff admitted to each of Defendant's proffered statements of material facts, and has presented no reason why the Court should not hold him to those admissions.

[5] Because the Court so finds, the Court further concludes that it is not required by Rule 56(f)(2) to provide Plaintiff with notice or additional time to submit supplemental affidavits regarding the date Plaintiff achieved "maximum cure."

that allegedly support the proposition that Plaintiff had not yet reached the point of maximum cure by the conclusion of his contract term on December 18, 2012.

First, Plaintiff points to a portion of a payroll voucher regarding Plaintiff's maintenance and unearned wage payments.[6]  (*Id.* (citing D.E. No. 59-6 at 4)).  Plaintiff argues that the inclusion of the line "Voucher Dates: 11/27/2012 thru 12/22/2012" suggests that Plaintiff in fact received maintenance and unearned wages for a period of time after the conclusion of his contract term on December 18, 2012.  (*Id.*).  However, below that line the voucher also indicates that it covers twenty-six days of maintenance payments and thirty days of unearned wage payments.  (D.E. No. 59-6 at 4).  Thus, it would be unreasonable to infer that the voucher covered payments over the twenty-five day time period referenced by Plaintiff.  Rather, as Defendant argues, the voucher line reading "UNEARNED WAGES 11/01-11/26/12 AND MAINTENANCE 11/01-11/30/12" is more reasonably read as setting forth the actual dates of these payments.  (*See id.*; Def. Opp. Br. at 2).  Because the voucher thus cannot reasonably be read to provide for maintenance payments after November 30, 2012, it does not support Plaintiff's contention that maintenance was provided after the conclusion of his contract on December 18, 2012.[7]

Second, Plaintiff points to a doctor's follow-up report instructing Plaintiff to return for stent removal on December 18, 2012.  (*See* Pl. Mov. Br. at 2 (citing D.E. No. 59-7 at 5)).[8]

---

[6] As Plaintiff's argument implies, evidence of maintenance payments may be probative of the length of Plaintiff's illness because, as the Court previously noted, an injured seaman is entitled to such payments for the duration of the illness itself.  (*See* Opinion at 4).

[7] Based on this conclusion, the vouchers submitted to the Court do not appear to cover the full period of Plaintiff's contract term.  To the extent that Plaintiff sought to use the final date of his maintenance payments as evidence of the term of his illness, the Court notes that it was Plaintiff's burden on summary judgment to come forward with such evidence.  Because, as discussed above, Plaintiff was given sufficient notice of this issue, Plaintiff's failure present such evidence is not a valid grounds on which to disturb the Court's previous conclusion.

[8] The Court notes that, while the doctor's follow up report itself indicates that Plaintiff is to return "in 2 weeks, 12/18/2012," (D.E. No. 59-7 at 5), both parties' briefing characterizes the report as calling for a follow up appointment on December 8, 2012.  (*See* Pl. Mov. Br. at 2; Def. Opp. Br. at 2).  The Court finds

10

However, as both parties agree, Plaintiff's contract period extended until that very same day.  (*See* D.E. No. 61 ¶ 7; D.E. No 62-5).  Thus, the doctor's report is not inconsistent with the Court's conclusion that Plaintiff failed to show a period of sickness *beyond* the December 18, 2012 conclusion of the contract period—even if December 4, 2012 was not the precise date of maximum cure.  (*See* Opinion at 14).  As such, further consideration of the legal impact of this evidence would have no effect on the Court's previous conclusion, and does not warrant reconsideration of the Court's June 30, 2016 Opinion.  *See Parker v. Hendricks*, No. 03-914, 2010 WL 2652407, at *6 (D.N.J. June 24, 2010) (supplementing the court's previous opinion on reconsideration, but denying motion in substance, where court's conclusion on reconsideration would not have affected previous determination).

Third, Plaintiff points to the fact that he was paid unearned wages until December 18, 2012. (Pl. Mov. Br. at 2).  However, as Defendant argued, and as the Court previously held, the time-period of his unearned wage payments was governed by the length of his contract term, not by the period of his illness.  (D.E. No. 60 at 3; Opinion at 4-5).  As such, this fact fails to support Plaintiff's argument that the Court erred in concluding that Plaintiff failed to show a period of sickness beyond the contract period for which he was already compensated.

Fourth, Plaintiff points to the fact that, after being declared unfit for duty on October 7, 2012, he was repatriated to the United States for future treatment.  (Pl. Mov. Br. at 2).  However, this fact does not suggest that he underwent any specific treatment after December 4, 2012 (when the parties agree he was declared "fit for duty"), or after December 18, 2012 (when his contract term expired).  As such, this evidence fails to support Plaintiff's argument that the Court's analysis

---

this discrepancy to be of no moment, however, because neither date would support a finding that Plaintiff was sick or required further medical attention *after* conclusion of his contract on December 18, 2012.

was erroneous.  The Court thus concludes that further consideration of this fact would not alter the Court's original conclusion.  *See Parker*, 2010 WL 2652407, at *6.

And fifth, Plaintiff points to Defendant's "concession" that Plaintiff was entitled to unearned wages until December 18, 2012.  (Pl. Mov. Br. at 2).  However, for the reasons noted above, payment of Plaintiff's unearned wages was tied to the length of his contract term, regardless of the date he reached "maximum cure."  As such, this fact similarly fails to support Plaintiff's argument that the Court's determination was erroneous.

Based on this analysis, the Court concludes that Plaintiff has failed to show that the grant of summary judgment on his SLC claim was the result of an erroneous analysis of evidence in the summary judgment record.[9]  Accordingly, on reconsideration, the Court affirms its June 30, 2016 Order granting summary judgment on all claims in favor of Defendant.

**IV.    Conclusion**

For the reasons set forth above, the Court reaffirms its June 30, 2016 Opinion and Order. An appropriate Order follows this Opinion.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[9] This conclusion is not inconsistent with Defendant's statement that Plaintiff "was not paid full wages until the point of his cure pursuant to the Shipowners' Liability Convention because . . . the Convention provision is inapplicable."  (D.E. No. 60 at 23).  As Defendant argues, the final date of Plaintiff's unearned wage payments is not probative of the date of his cure because Defendant determined its liability for unearned wage payments based on the term of Plaintiff's contract, not the length of his illness.  (Def. Opp. Br. at 2-3).